IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH TURTURRO, as Administrator :
of the Estate of Adam Braddock, Deceased :
:
v. :
: CIVIL ACTION
AGUSTA AEROSPACE CORPORATION :
: NO. 10-2894
v. :
:
UNITED STATES OF AMERICA :

**SURRICK, J.**                                                              **AUGUST 13, 2010**

## MEMORANDUM

Presently before the Court is the Motion to Dismiss of United States of America. (ECF No. 3.) For the following reasons, the Motion will be granted and this case will be remanded to the Court of Common Pleas of Philadelphia County.

**I.  INTRODUCTION**

On May 22, 2008, a fatal airplane crash took place near the Northeast Philadelphia Airport. Flight instructor Adam B. Braddock and student pilot Charles Angelina were both in the airplane and both died as a result of the crash. Plaintiff, as administrator of Braddock's estate, commenced this action on November 16, 2009, by filing a Complaint in the Court of Common Pleas of Philadelphia County. (ECF No. 1 Ex. 1 Ex. B.) The Complaint alleges negligence and breach of contract against Agusta Aerospace Corporation ("Agusta") (*id.* at 6-10), a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania (*id.* ¶ 2; ECF No. 1 Ex. 1 Ex. D ¶ 2). Plaintiff avers that an Agusta helicopter flying near the site where Braddock and Angelina were practicing landing maneuvers generated a powerful wake turbulence that

caused their airplane to crash.

On June 7, 2010, Agusta filed a third-party complaint against the United States, alleging that the accident was caused by the negligence of air traffic controllers employed by the Federal Aviation Administration. (ECF No. 1 Ex. 1 ¶ 8.) The Complaint alleges that because the FAA is an agency of the executive branch of the U.S. government, the United States is "solely liable to Plaintiffs [sic], jointly and severally liable to Plaintiffs [sic], or liable over to Defendant Agusta by way of contribution and/or indemnity." (*Id.* ¶¶ 2, 9.) On June 16, 2010, the United States removed the case from the Court of Common Pleas to this Court pursuant to 28 U.S.C. § 1442(a)(1). The United States now moves to dismiss under Federal Rule of Civil Procedure 12(b)(1).

Initially, we note that the facts underlying the instant case have given rise to three other cases pending on our docket. A lawsuit brought against Agusta in the Court of Common Pleas of Philadelphia County by the parents of Charles Angelina, in their personal capacities and as administrators of his estate, has also been removed to this Court. *See Angelina v. Agusta Aerospace Corp.*, No. 10-2895 (E.D. Pa. filed June 16, 2010) [hereinafter, "*Angelina I*"]. The United States has filed an identical motion to dismiss in *Angelina I*. In addition, the *Turturro* and *Angelina* plaintiffs have filed suits directly in this Court against the United States based upon the same facts alleged in the state court actions. *See Turturro v. United States*, No. 10-2460 (filed May 21, 2010) [hereinafter, "*Turturro II*"]; *Angelina v. United States*, No. 10-3063 (filed June 24, 2010) [hereinafter, "*Angelina II*"]. In *Turturro II* and *Angelina II*, the plaintiffs have since amended their complaints to add Agusta as a defendant.

2

## II. DISCUSSION

In the instant Motion, the United States argues that under the doctrine of derivative jurisdiction, this Court does not have jurisdiction over Agusta's claims against the United States because the Court of Common Pleas did not have jurisdiction over those claims. The derivative jurisdiction doctrine was first articulated in the case of *Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.*, in which the Supreme Court stated that "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." 258 U.S. 377, 382 (1922) (concluding that "[a]s the state court was without jurisdiction over either the subject-matter or the United States, the District Court could not acquire jurisdiction over them by the removal"); *see also Bradshaw v. Gen. Motors Corp.*, 805 F.2d 110, 112 (3d Cir. 1986) ("Long-standing authority holds that a removed case may not be adjudicated in a federal court if the state court did not have subject matter jurisdiction over the suit when it was initially filed there." (citing *Lambert Run Coal Co.*, 258 U.S. at 382)).

The Federal Tort Claims Act (FTCA) vests exclusive jurisdiction in the federal district courts over civil claims for damages arising out of negligent acts of federal employees acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2671-2680. Clearly, the Court of Common Pleas of Philadelphia County had no jurisdiction over Agusta's FTCA claims against the United States. Therefore, under the derivative jurisdiction doctrine, we have no subject-matter jurisdiction over Agusta's claims against the United States. Agusta counters that the removal of the matter to this Court, together with the presence of several related cases on our

docket, permit us to exercise jurisdiction here.

Since it is undisputed that the Court of Common Pleas did not have jurisdiction over Agusta's claims against the United States, Agusta is essentially challenging the viability of the derivative jurisdiction doctrine. Agusta argues that the doctrine of derivative jurisdiction does not apply in light of the 1985 and 2002 amendments to 28 U.S.C. § 1441 and the Eighth Circuit's decision in *North Dakota v. Fredericks*, 940 F.2d 333 (8th Cir. 1991). (ECF No. 5 at 7.) Agusta's conclusory statements regarding the amendments to § 1441 fail to note that § 1441(f), which Congress adopted in 1985 and amended in 2002,[1] eliminated derivative jurisdiction only for cases removed under that section. *See* 28 U.S.C. § 1441(f) ("The court to which a civil action is removed *under this section* is not precluded from . . . ." (emphasis added)); *see also Barnaby v. Quintos*, 410 F. Supp. 2d 142, 143-44 & n.2 (S.D.N.Y 2005) (analyzing the effect of § 1441(f) on district courts' jurisdiction upon removal). The instant case was removed to this Court under § 1442(a). As another district court has noted, "courts have consistently held that § 1441(f) does not apply to actions removed under § 1442." *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2007 WL 1461036, at *2 (E.D. La. May 16, 2007) (citing cases); *see also Scoratow v. Smith*, No. 08-1576, 2009 WL 890575, at *3 (W.D. Pa. Mar. 27, 2009) ("Although 28 U.S.C. § 1441(f) has limited the derivative jurisdiction doctrine, it appears from the 'great weight of jurisprudence,' that 'the derivative jurisdiction doctrine is still viable with respect to cases

---

[1] The 1985 amendment was originally codified at 28 U.S.C. § 1441(e). Judicial Improvements Act of 1985, Pub. L. No. 99-336, § 3, 100 Stat. 633 (1986). In 2002, § 1441(e) was re-designated as 28 U.S.C. § 1441(f). Multiparty, Multiforum Trial Jurisdiction Act of 2002, Pub. L. No. 107-273, § 11020(b)(3)(A), 116 Stat 1758, 1827 (2002). Notably, the 2002 amendment also modified the language of the subsection, changing "The court to which such civil action is removed" to "The court to which a civil action is removed *under this section*." *Id.* (emphasis added).

removed pursuant to 28 U.S.C. § 1442(a).'" (quoting *In re Katrina*, 2007 WL 1461036, at *2)).

Agusta cites *Fredericks*, in which the Eighth Circuit, sweeping with a broad stroke, denounced the derivative jurisdiction doctrine. The *Fredericks* court reasoned that "Congress's general attitude" in enacting the 1985 amendment to § 1441 "support[ed] the complete abandonment of the derivative-jurisdiction theory," even as the court recognized that "the words of [§ 1441(f)] clearly do not reach this far." 940 F.2d at 337. Agusta's reliance on *Fredericks* is misplaced. In 1986, after the 1985 amendment to § 1441, the Third Circuit in *Bradshaw* applied the derivative jurisdiction doctrine, finding that a district court could not exercise jurisdiction over a Title VII claim since the state court from which the case had been removed had no jurisdiction over that claim. 805 F.2d at 112-13. Moreover, the 2002 amendment to § 1441(f), adopted after the Eighth Circuit's decision in *Frederick*, clarifies the Congressional intent to limit the abrogation of derivative jurisdiction only to cases removed under § 1441. *See supra* note 1; *see also Barnaby*, 410 F. Supp. 2d at 144-46 (discussing the legislative history of § 1441(f) and concluding that "[t]he 2002 amendment to Section 1441, adopted eleven years after *Fredericks*, clearly precludes a holding that 28 U.S.C. § 1441(f) itself eliminated derivative jurisdiction for cases removed pursuant to provisions other than Section 1441"). As the *Barnaby* court noted, "[h]ad Congress intended to abolish derivative jurisdiction altogether, it could have done so when amending Section 1441 again in 2002, but it chose to make it clear that the elimination of derivative jurisdiction was limited to cases removed under Section 1441." 410 F. Supp. 2d at 146.

We are satisfied based upon the plain language of § 1441 and § 1442 and the Third Circuit's pronouncement in *Bradshaw* that the doctrine of derivative jurisdiction is alive and well

in this circuit. Accordingly, the doctrine bars us from exercising jurisdiction over Agusta's claims against the United States. Agusta's claims against the United States must therefore be dismissed for lack of subject-matter jurisdiction.

Agusta's argument with regard to supplemental jurisdiction under 28 U.S.C. § 1367 and the joinder of required parties under Rule 19 of the Federal Rule of Civil Procedure is inapposite. (ECF No. 5 at 7-11.) Section 1367(a) permits federal district courts "in any civil action of which the district courts have original jurisdiction" to exercise supplemental jurisdiction over state law claims related to the federal claims. Moreover, the existence of subject-matter jurisdiction is presupposed by the language of Rule 19. Once we dismiss Agusta's claims against the United States, the only remaining parties are Plaintiff and Agusta. A review of the pleadings and other filings in this case and in *Turturro II* reveals that Plaintiff and Agusta are both citizens of Pennsylvania. Therefore, there is no diversity jurisdiction over Plaintiff's claims against Agusta as well as no federal question jurisdiction over Plaintiff's claims against Agusta. Without subject-matter jurisdiction over at least some claims, we cannot exercise supplemental jurisdiction over additional claims and cannot order the joinder of additional parties. Furthermore, we fail to see how the presence of "viable claims already asserted under the FTCA by the plaintiffs in *Turturro II* and *Angelina II*" (*see* ECF No. 5 at 10) in any way effects our ability to hear this matter.

Since we do not have subject-matter jurisdiction over Plaintiff's claims against Agusta—the only claims remaining after the dismissal of the claims against the United States—we must remand this matter to the court from which it was removed. *See* 28 U.S.C. § 1447(c).

**III. CONCLUSION**

For the foregoing reasons, the Motion to Dismiss of the United States of America will be granted and the instant matter is remanded to the Court of Common Pleas of Philadelphia County.

An appropriate Order follows.

                                                **BY THE COURT:**

                                                _____

                                                **R. BARCLAY SURRICK, J.**